UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BARBARA DEVINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:18-cv-00995-JD-MGG |
| | ) |
| RON NEAL, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RESPONSE IN OPPOSITION TO MOTION TO COMPEL**

Defendants Justin Rodriguez, and Anthony Watson, by counsel, respectfully object the Plaintiff's Second Motion to Compel, filed on October 16, 2019. The Plaintiff's motion should be denied for the following good reasons:

1. The motion to compel as moot, because Defendants Rodriguez and Watson have served their discovery responses to the Plaintiff's counsel.

    a. Defendant Rodriguez's discovery responses could not be finalized until after October 14, 2019, but then were set to Plaintiff's counsel on October 15, 2019. Please see Ex. A, Rodriguez Responses.

    b. It was then determined that the Rodriguez's answer to interrogatory No. 5 had been inadvertently cut off in the copy of the set of responses that were e-mailed to Plaintiff's counsel. A second corrected set of responses was therefore sent to the Plaintiff's counsel the following day. Please see attached Ex. B, Corrected Responses.

1

    c. Watson's discovery responses were received by Defense counsel from Watson several days after that, then finalized and served to Plaintiff's counsel on 10/22/19.  Please see attached Ex. C, Watson Responses.

2. The Motion to compel should furthermore be denied, because the delay in serving the Rodriguez and Watson responses does not conflict with was the result of Defendants' reasonable understanding of the Court's Orders.

    a. On September 19, 2019 the Court granted Plaintiff's first motion to compel as to the Rodriguez and Watson discovery responses, and ordered production of the responses by September 30, 2019.  The Court also ordered the Defendants to file, again by September 30, 2019, a response to a Rule to Show Cause why opposing counsel's petition for fees and costs against Rodriguez and Watson should not be granted.

    b. Rodriguez and Watson filed their response to the Rule to Show Cause on September 30, 2019.  In the responses to the Rule to Show Cause, Defense counsel indicated that the two Defendants' Responses were not at that time available, discussed factors qualifying as excusable neglect for the delay in production, and explained that they anticipated the responses could be produced within approximately the next 14 days.

    c. Upon reviewing the Responses to the Rule to Show Cause, the Court denied the Plaintiff's petition for fees and costs, finding extenuating circumstances caused the Defendants' delay. The Court, recognizing the Rodriguez and Watson responses could not be produced on September 30, 2019, never denied these Defendants further time to provide their responses.

3. Plaintiff has waived its objection to service of the Rodriguez and Watson's on the dates those responses were served. Following the Court's denial of their petition for fees, the Plaintiff, knowing it would be approximately another two weeks before the Rodriguez or Watson discovery responses could be provided, also filed no further objection with the Court nor sent any new Rule 37.1 letter to the Defendants to specifically address the added anticipated delay in production of the Rodriguez and Watson responses. Defense Counsel learned that Plaintiff still opposed allowing more time for the Rodriguez and Watson responses to be produced was when the second motion to compel was filed. During phone conferences with Plaintiff's counsel on October 1, 2019, October 7, 2019, or October 11, 2019 to address requests for supplementation from the Plaintiff, no objections to production of the Rodriguez or Watson Responses were discussed regarding production on October 14th or any later date in October. Similarly, between September 30, 2019 and the October 16, 2019, Plaintiff's counsel did not make any new demand (via new FRCP 37.1 letters or in phone conference) for immediate production of the Rodriguez and Watson responses. Meanwhile, Defense counsel attempted to cooperate in resolving other related discovery disputes with Plaintiff's counsel vial written responses to requests

for other defendants' to supplement their responses, and via multiple lengthy phone conferences with opposing counsel.[1]

4. Plaintiff's second motion to compel should be denied, because of Plaintiff's failure to comply with the requirements of N.D. Ind. L.R. 37-1, pertaining to resolving discovery disputes. Under L.R. 37-1, "a party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer in good with other affected parties in an effort to resolve the matter raised in the motion without court action." *Id*. "The certification must include (1) the date, time, and place of any conference or attempted conference; and 2) the names of the parties participating in the conference.". *Id.*

5. The Plaintiff's request for fees and costs should also be denied. The second motion to compel failed to comply with local rules, and the Plaintiff's counsel failed to follow the necessary steps in attempting to resolve their new discovery disputes over the new proposed timing of the production of the Rodriguez and the Watson responses, prior to filing Plaintiff's second Motion to Compel.

6. The minor additional delay in the provision of the Rodriguez and Watson responses has posed no prejudice to the Plaintiff, nor delayed proceedings. Notwithstanding the service of these discovery responses after October 14, 2019, depositions of the Defendants have still been able to proceed and have been ongoing since the week of October 23, 2019. In addition, the current close of Discovery is still several months away.

---

[1] And Defense counsel continues to participate in active, good faith efforts to resolve such discovery disputes with Plaintiff's counsel that have arisen. As Plaintiff's counsel admitted, Defense counsel engaged in discussions regarding discovery disputes arising with other Defendants, in phone conferences in October.

7. The completion and service of the Rodriguez and Watson responses after September 30, 2019 furthermore has been in spite of all good faith efforts of the Defendants and the Defense counsel to timely complete the and serve the Rodriguez and Watson responses. The timing of the production of the responses has not been the result of any effort to delay proceedings or prejudice the Plaintiff (or any other party in this case).

WHEREFORE, Defendants Rodriguez and Watson, by counsel, respectfully request that the Court Deny the Plaintiff's second motion to compel and DENY Plaintiff's request for fees of costs relating to their second motion.

Respectfully Submitted,

CURTIS T. HILL, JR.
Indiana Attorney General
Atty. No. 13999-20

Date: October 30, 2019          By:     Ilene M. Smith
                                        Ilene M. Smith
                                        Deputy Attorney General
                                        Atty. No. 22818-02
                                        Indiana Government Center South – 5th Fl.
                                        302 W. Washington Street
                                        Indianapolis, IN  46204-2770
                                        Phone:      (317) 232-0149
                                        Fax:  (317) 232-7979
                                        Email:  Ilene.Smith@atg.in.gov

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2019, a copy of the foregoing document was mailed, via United States Postal Service, postage prepaid, or by other means acceptable to this court, to the following:

Arthur Loevy
Jon Loevy
Sarah Grady
Sam Heppel
Megan Pierce
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607

                                          Ilene M. Smith
                                          Deputy Attorney General