**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DENISE DWYER, as Personal Representative of the ESTATE OF JOSHUA DEVINE, | ) ) ) | No. 3:18-cv-00995-JD-MGG |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Judge Jon E. DeGuilio, Judge |
| RON NEAL, et al. | ) ) | Hon. Michael G. Gotsch, Sr., M.J. |
| Defendants. | ) ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE *INSTANTER* OVERSIZED RESPONSE
BRIEF TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Denise Dwyer, as Personal Representative of the Estate of Joshua Devine, by her attorneys, Loevy & Loevy, respectfully requests leave to file *instanter* a response brief in opposition to Defendants' motion for summary judgment that exceeds the page limit set out in Local Rule 7-1(e), up to and including 40 pages. In support of her motion, Plaintiff states as follows:

1.      Local Rule 7-1(e) requires Plaintiff's response brief in opposition to Defendants' motion for summary judgment to be within 25 pages.

2.      Despite Plaintiff's best efforts, she has been unable to meet this limitation and still satisfy her weighty burden at the summary judgment stage. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his claim, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party. . . . [W]e rely on the nonmoving party to identify with reasonable particularity the evidence upon which he relies."); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) ("[S]ummary judgment 'is the

'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" (quoting *Schacht v. Wisconsin Dep't of Corr.,* 175 F.3d 497, 504 (7th Cir.1999))).

3.      Defendants' motion seeks summary judgment on behalf of 13 separate Defendants on all of Plaintiff's claims, which include 3 constitutional claims brought under § 1983 and four claims brought under Indiana state law. Dkts. 43, 202.

4.      Plaintiff does not contest the dismissal of one of her state law claims or 3 of the individual Defendants, but she contends that the discovery record reveals genuine disputes of material fact on 6 claims against the remaining 10 moving Defendants, and has prepared her response brief setting forth her opposition to summary judgment as to those Defendants and claims.

5.      Plaintiff's response brief must set forth the legal basis for a finding of culpability as to those ten separate Defendants, and lay out the record evidence sufficient to establish genuine disputes of material facts which, if resolved in Plaintiff's favor, would prove they violated both federal and state law. *See* Dkt. 202. Specifically, Plaintiff is required to prove that each of the Defendants was subjectively aware of the substantial risk that prisoners like Mr. Devine would be seriously harmed by fires at ISP, and that each Defendant acted with deliberate indifference in the face of that risk. *See Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). This requires a detailed discussion of Defendants' woefully inadequate response to the April 7, 2017 fire in particular, and to the widespread risks of fire in general, including through deficient policies, practices, and training at ISP and noncompliance with the same.

6.      As evidenced by Plaintiff's Statement of Genuine Disputes, (attached as an appendix to Plaintiff's response brief pursuant to Local Rule 56-1(b)(2)), the breadth of

discovery in this case was significant. Given the lengthy factual record and the complexity of the legal claims in this civil rights case, Plaintiff has been unable, despite her best efforts, to fully address the issues within the 25-page limit.

7.      Plaintiff's attorneys do not bring this motion for any improper purpose, but only after a concerted effort to meet the page limits set out in the Local Rules and in acknowledgment of the fact that they cannot zealously represent their client and properly present the issues at summary judgment for the Court to consider without additional space to lay out the ample and complex evidentiary record that supports Plaintiff's claims.

8.      Additionally, the process of finalizing the brief, Statement of Genuine Disputes, and 91 supporting exhibits has taken longer than anticipated and Plaintiff regrets that she was unable to complete the filing of these materials by the deadline of midnight Eastern Time. Rather, these materials will be filed a couple of hours after that midnight deadline.

9.      Thus, Plaintiff additionally requests leave to file *instanter* her response to Defendants' motion for summary judgment and accompanying appendix and exhibits.

10.      Plaintiff conferred with counsel for Defendants, who do not oppose an extension of up to and including 40 pages for Plaintiff's response brief. Given the hour, Plaintiff has not had an opportunity to confer with Defendants regarding their position on the request for leave to file *instanter*.

WHEREFORE, Plaintiff respectfully requests leave to file *instanter* a response brief that exceeds the page limit set out in the local rules, up to and including 40 pages.


Respectfully Submitted,

/s/ Megan Pierce
One of Plaintiff's Attorneys

Arthur Loevy
Jon Loevy
Sarah Grady
Sam Heppell
Megan Pierce
LOEVY & LOEVY
311 North Aberdeen St.
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
megan@loevy.com

## CERTIFICATE OF SERVICE

I, Megan Pierce, an attorney, hereby certify that I served the foregoing document on May 25, 2021 via the Court's CM / ECF filing system, effecting service on all counsel of record.

/s/ Megan Pierce
One of Plaintiff's Attorneys