**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DENISE DWYER, as Personal Representative of the ESTATE OF JOSHUA DEVINE, | ) ) ) | No. 3:18-cv-00995-JD-MGG |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Judge Jon E. DeGuilio, Judge |
| RON NEAL, et al. | ) ) | Hon. Michael G. Gotsch, Sr., M.J. |
| Defendants. | ) ) ) ) | |

# <u>EXHIBIT 72</u>

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

DENISE DWYER, as Personal Representative of the )
ESTATE OF JOSHUA DEVINE, )
)
      Plaintiff, )
)
      v. )   Case No. 3:18-cv-00995-JD-MGG
)
RON NEAL, et al., )
)
      Defendants. )
)

### DEFENDANT JASON NOWATZKE's RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant Jason Nowatzke's, with counsel, submits his responses to Plaintiff's Second Set of Interrogatories as follows:

### INTERROGATORIES

1.    Do you contend that Joshua Devine intentionally started a fire in his cell on April 7, 2017? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

**Response:** Defendant objects to the extent this interrogatory seeks a legal conclusion and would require Defendant to reach a legal conclusion and engage in and disclose work product in order to answer. Finally, Defendant objects to this interrogatory as it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request to specifically identify Bates-range supporting documents would require defendant to search through over 130,000 documents already produced and which Plaintiff has access to. Furthermore, to the extent

1

Defendant has no knowledge, it follows there are no identifiable supporting documentation he can identify. Defendants will disclose any causation expert(s), all materials relied on by that expert, and all trial exhibits pursuant to the case-management schedule in this case. Notwithstanding these objections, Defendant answers as follows: I do not have knowledge as to Joshua Devine's intentions at the time.

2.    Do you contend that Joshua Devine intentionally acted, or failed to act, in any manner which impeded the abilities of correctional officers to rescue him from his burning cell on April 7, 2017? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

**Response**: Defendant objects to this interrogatory as it calls for speculation. Defendant objects as he cannot speak as to Joshua Devine's state of mind at the time. Defendant further objects to the extent this interrogatory seeks a legal conclusion and would require Defendant to reach a legal conclusion and create and disclose work product in order to answer. Finally, defendant objects to this interrogatory as it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request to specifically identify Bates-range supporting documents would require defendant to search through over 130,000 documents already produced and which Plaintiff has access to. Furthermore, to the extent Defendant has no personal knowledge, it follows there are no identifiable supporting documentation he can identify. Defendants will disclose all trial exhibits consistent with the case-management schedule in this case.

Notwithstanding these objections, Defendant answers as follows: I do not have knowledge as to Joshua Devine's intentions at the time.

3.      Do you contend that, if a correctional officer located in B Cell House who was in possession of the keys to the 500 range had proceeded to Joshua Devine's cell immediately after the emergency call regarding the 2017 Fire was first broadcast over the radio, that officer would have been unable to release Joshua Devine from his cell before he received fatal injuries from the fire? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

**Response**: Defendant objects to this interrogatory as it calls for speculation, and presents an incomplete hypothetical. Defendant further objects to the extent this interrogatory seeks a legal conclusion and would require Defendant to reach a legal conclusion in order to answer. Finally, Defendant objects to this interrogatory as it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request to specifically identify Bates-range supporting documents would require defendant to search through over 130,000 documents already produced and which Plaintiff has access to. Furthermore, to the extent Defendant has no knowledge, it follows there are no identifiable supporting documentations he can identify. Notwithstanding these objections, Defendant answers as follows: I do not know.

4.      Do you contend that, if a correctional officer located in B Cell House who was in possession of the keys to the 500 range had proceeded to Joshua Devine's cell immediately after first hearing prisoners yelling in the Cell House after the 9pm count on the night of the 2017

3

Fire, that officer would have been unable to release Joshua Devine from his cell before he received fatal injuries from the fire? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

**Response**: Defendant objects to this interrogatory as it calls for speculation, and presents an incomplete hypothetical. Defendant further objects to the extent this interrogatory seeks a legal conclusion and would require Defendant to reach a legal conclusion in order to answer. Finally, Defendant objects to this interrogatory as it is overbroad, unduly burdensome, and disproportionate to the needs of the case. The request to specifically identify Bates-range supporting documents would require defendant to search through over 130,000 documents already produced and which Plaintiff has access to. Furthermore, to the extent Defendant has no knowledge, it follows there are no identifiable supporting documentations he can identify. Notwithstanding these objections, Defendant answers as follows: I do not know.

5.      Please describe every change in policies, protocols or procedures at Indiana State Prison since the 2017 Fire that you know was made, or believe was made, in response to or as a result of the 2017 Fire.

**Response**: Defendant objects to this interrogatory as it calls for speculation. Defendant further objects as it is overbroad and not limited in time or scope.

Notwithstanding those objections, Defendant answers as follows: I cannot recall of any changes in policies, protocols, or procedures, if there were any.

6.    Please describe every change in equipment or physical infrastructure at Indiana State Prison since the 2017 Fire that you know was made, or believe was made, in response to or as a result of the 2017 Fire.

**Response**: Defendant objects to this interrogatory as it calls for speculation. Defendant further objects as it is overbroad and not limited to time or scope.

Notwithstanding those objections, Defendant answers as follows: There was additional fire equipment obtained. This included smoke evacuation fans and fire suppression and extinguishing foaming backpacks.

7.    Do you contend that on April 7, 2017 you had any written instructions or written policies available to you, that provided direction or guidance on how to respond in the event of a fire, other than the General Post Orders and B Cell House Post Orders? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range the written documents, and providing a detailed description of the contents of these written instructions or written policies.

**Response**: Interrogatory No. 7 does not require a response from Defendant Nowatzke.

8.    Do you contend that you completed your security checks on April 7, 2017 consistent with the requirements—including the temporal requirements—set out in the BCH Post Orders and any other written policy in place at Indiana State Prison on April 7, 2017? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

5

**Response**: Interrogatory No. 8 does not require a response from Defendant Nowatzke.

9.  Do you contend that you took action to bring a fire extinguisher to the 2017 Fire as soon as possible once you learned that there was a fire in B Cell House on April 7, 2017? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

**Response**: Interrogatory No. 9 does not require a response from Defendant Nowatzke.

10.  Do you contend that you took action to get the keys for the 500 range of B Cell House as soon as possible once you learned that there was a fire? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention.

**Response**: Interrogatory No. 10 does not require a response from Defendant Nowatzke.

11.  Do you contend that you took any action to get the keys to the 500 range of B Cell House to Joshua Devine's cell before the first responders arrived in response to the 2017 Fire? If your answer is anything other than an unqualified no, please provide the complete factual basis for your contention, including by specifically identifying by Bates-range any documents supporting your contention

**Response**: Interrogatory No. 11 does not require a response from Defendant Nowatzke.

12.    Do you contend that the officers in B Cell House on April 7, 2017 had any written instructions or written policies available to them, that provided direction or guidance on how to respond in the event of a fire, other than the General Post Orders and B Cell House Post Orders? If your answer is anything other than an unqualified no, please describe in detail the basis for your contention, including by specifically identifying by Bates-range the written documents, and providing a detailed description of the contents of these written instructions or written policies.

**Response**: Defendant objects to this interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it purports to require Defendant to search through over 130,000 of documents which have been produced to Plaintiff and which Plaintiff has access to. Furthermore, to the extent Defendant has no knowledge, it follows there are no identifiable supporting documentations he can identify.

Notwithstanding those objections, Defendant answers as follows: I do not know of any.

13.    Do you contend that, from 2015 to 2017, you took any steps to improve fire safety at Indiana State Prison, either by making improvements yourself or by directing or requesting that others make improvements? If your answer is anything other than an unqualified no, please describe in detail the basis for your contention, including by specifically identifying by Bates-range any written documents which support your contention, and providing a detailed description of the steps you took to improve fire safety.

**Response**: Defendant objects to this interrogatory as it is overbroad, seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as it is overly broad, unduly burdensome, and disproportionate to the needs of the case, in that it purports to require Defendant to search through over 130,000 of documents which have been produced to Plaintiff and which Plaintiff has access

to. Furthermore, to the extent Defendant has no knowledge, it follows there are no identifiable supporting documentations he can identify.

Notwithstanding those objections, Defendant answers as follows: I do not recall.

14.     Please describe every action you took at any point from 2015 to 2017 in response to concerns raised by members of the Indiana State Prison prisoner firefighter crew of which you were aware, whether raised with you directly or of which you became aware indirectly, regarding fire response policies, procedures or equipment at Indiana State Prison.

**Response**: Defendant objects to this interrogatory as it calls for speculation and assumes facts not in evidence: that concerns were raised and that Defendant Nowatzke became aware of any such concerns. Defendant further objects to this interrogatory as it vague and ambiguous as to "concerns raised." Defendant also objects to this interrogatory as it is overbroad, seeks information that is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding those objections, Defendant answers as follows: I do not recall of any if any concerns were made.

8

I declare under penalty of perjury that the factual statements set forth in the foregoing responses are true and correct to the best of my knowledge and belief.

Dated: 10/19/2020

_____
JASON NOWATZKE

As to objections,

Office of the Indiana Attorney General

By:   Gustavo A. Jimenez
      Deputy Attorney General
      Attorney No. 35866-53

Respectfully Submitted,

Office of the Indiana Attorney General

Date: October 19, 2020

By:    Gustavo A. Jimenez
       Deputy Attorney General
       Attorney No. 35866-53
       Office of the Indiana Attorney General
       Indiana Government Center South, 5th Floor
       302 W. Washington St.
       Indianapolis, IN 46204-2770
       Phone: (317) 234-2623
       Fax: (317) 232-7979
       Email: Gustavo.Jimenez@atg.in.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2020, a copy of the foregoing document was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Sarah Grady
Sam Heppell
Megan Pierce
Lovey & Lovey
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607

Gustavo A. Jimenez
Deputy Attorney General
Attorney No. 35866-53

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone: (317) 234-2623
Fax: (317) 232-7979
Email: Gustavo.Jimenez@atg.in.gov