**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION**

| | | |
|---|---|---|
| DENISE DWYER, as Personal Representative of the ESTATE OF JOSHUA DEVINE, | ) ) ) | No. 3:18-cv-00995-JD-MGG |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Judge Jon E. DeGuilio, Judge |
| RON NEAL, et al. | ) ) | Hon. Michael G. Gotsch, Sr., M.J. |
| Defendants. | ) ) ) ) | |

# <u>EXHIBIT 79</u>

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

BARBARA DEVINE,                        )
                                       )
      Plaintiff,                  )
                                       )
v.                                     )    CASE NO. 3:18-cv-00995-JD-MGG
                                       )
RON NEAL, et al.,                      )
                                       )
      Defendants.                 )

### DEFENDANT GRIFFIN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Steven Griffin, with counsel, submits his responses to Plaintiff's First Set of Interrogatories:

1. Identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in the parties' Rule 26(a)(1) Initial Disclosures. For each Person with knowledge responsive to this Interrogatory, please describe with particularity any categories of facts known by each such Person relating to the claims and defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If this Interrogatory is answered by incorporating Documents, please provide the identities of any additional Persons who are not listed in the Documents that you reference, as well as any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents that you

reference; in the event that you fail to do so, Plaintiff will assume the witnesses and the substance of their testimony is strictly limited to what is contained in the Documents that you reference.

**Response:** Myself, Sarah Abassi, Ron Neal, Kenneth Gann, Jason Nowatzke, Jeremy Dykstra, Officer Martinez, Anthony Watson, Timothy Redden, Bill Lessner, Christopher Puetzer, and Ryan Statham are probably persons with knowledge of the fire, although I cannot say what anyone other than me knows about the fire. Other people are listed in the various reports that were generated because of the fire.

2.    Identify every Communication that you have had about any of the allegations, events, or circumstances described in Plaintiff's Complaint with any Person. For each such Communication, please: (a) state with particularity the substance of the Communication; (b) Identify everyone involved in the Communication; (c) provide the date of the Communication; and (d) state whether or not the Communication was memorialized in a report or other Document.

**Response:** I received a phone call from the prison switchboard informing me of the fire. I am not sure who the switchboard officer was that evening. I spoke with the Inmate Fire Chief the evening of the fire, Mr. Gann, and my wife, Carol, when I told her I had to report to the facility for a fire. If I had any conversations or communications with anyone else that night, they are probably referenced in the report. I can't say who I all talked to as this fire happened a long time ago.

3.    Identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the Person who has been convicted and the nature of the conviction, and (b) the complete factual basis as to why the conviction qualifies as admissible under Federal Rule of Evidence 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as

discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

**Response:** Defendant objects to this interrogatory as being vague and overbroad on its face, and further object to this interrogatory as not being reasonably calculated to lead to the discovery of admissible evidence. Evidence of criminal convictions is improper "prior bad acts" evidence and is not admissible to prove any defendant's or another witness' character. See Fed. R. Evid. 404(b), 608(b). Finally, defendant objects to this interrogatory as it seeks publicly-available information that is equally accessible to the plaintiff.

Subject to and without waiving this objection, and to the extent defendant can understand what is being asked of her, defendant answers as follows: I have no felony convictions.

4.    Please explain with as much particularity as possible when, how, and under what circumstances you became aware of the 2017 Fire. With regard to when you learned of the 2017 Fire, please reference the time or other events to the extent possible. Your response should include your physical location when you learned of the 2017 Fire.

**Response:** I was sleeping at my home and received a call from the prison stating that I was needed at the facility because of a fire in an inmate cell. I would guess the time was after 10pm as I usually went to bed around 10. I do not recall the exact time of the call or what time I arrived at the facility. I got dressed and left my home shortly after receiving the call. I arrived at the facility as they were putting Joshua Devine into the coroner's wagon.

5.    With specificity, explain each step you took once you learned of the 2017 Fire. If you spoke to, had any Communications with, or acted in coordination with any other individual, including another Defendant or a third-party, please Identify that individual and explain the contents of any Communications with that

individual, as well as what actions you both took. The substance of your response should cover the time period from when you first learned of the 2017 Fire until twenty-four hours later, and should include all actions, Communications, or decisions not to act during that time period that relate to or occurred as a result of the 2017 Fire.

**Response:** I drove to the prison after I received the telephone call informing me of the fire. The coroner had arrived, and the fire was extinguished prior to my arrival. I spoke with the Fire Chief for the inmate fire department, who told me the fire was out and the B-Cell house was evacuated. I spoke with Mr. Gann, who stated that no one was going into the facility at that time and that the area was clear and evacuated, but still smoky. I do not remember if I spoke with anyone else, I left the facility after approximately 1 hour. The next day I was tasked to walk around with the Department of Correction's Fire Chief (don't remember his name), as he collected evidence. I carried the evidence, but did not actually collect it. There was no discussion between us that I recall, I was waiting outside the cell while they collected the evidence. This as the only part of the investigation I was involved in.

6.    What was the cause of the 2017 Fire, and how was this cause determined? Please include all investigative steps taken to reach this conclusion and identify the individuals involved in the investigation.

**Response:** I was not involved in the investigative process. I heard someone say it was started by Devine's TV set. I don't remember who told me that.

7.    Were you prevented in any way from taking action to remove Joshua Devine from his cell and/or open or unlock his cell door immediately upon learning that there was a fire in the cell on April 7, 2017? If your answer is anything other than an unqualified "no," please Identify every Person, situation, circumstance, policy, practice, rule, and/or regulation which you contend prevented you in any way from removing or freeing Devine from his cell, and state fully how such Person,

situation, circumstance, policy, practice, rule, and/or regulation prevented you. To the extent that you contend the preventative effect or impediment of any such Person, situation, circumstance, policy, practice, rule, and/or regulation was temporary, please describe the time frame in which you contend it was in place and explain why and/or how it ceased.

**Response:** I was not present at the time of the fire. I was notified of the fire after the incident occurred and was extinguished.

8.    Identify any procedures, mechanisms, tools, infrastructure, or equipment in place at Indiana State Prison at the time of the 2017 Fire to reduce the risk of or mitigate the harms or injuries caused by fires, including but not limited to any sprinkler systems, smoke detectors, fire alarms, emergency exits, fire extinguishers or other fire suppression equipment, evacuation plans, and the date and frequency of any fire or evacuation drills conducted in the five years prior to the 2017 Fire. For any physical objects or systems identified in response to this interrogatory, please identify the quantity and physical location(s) of those objects or systems in the Indiana State Prison.

**Response:** There were no sprinklers in Cell House B. There were smoke detectors, fire alarms, and fire extinguishers in Cell House B. There were 2 exits out of Cell House B with evacuation plans posted at each exit. There is an inmate fire department to respond to fires. Fire drills are conducted quarterly and logs were kept in the Safety Hazmat Office and a copy in the Inmate Fire Office. I do not have these documents or copies as all documents were left in place upon my departure from the prison.

9.    Identify any policies, practices, and procedures in place at Indiana State Prison at the time of the 2017 Fire regarding the locking of prisoners in their

cells, including when and why prisoners are locked in their cells, and who locks or oversees the locking of the cell doors. This further includes who is permitted or required to have possession of which keys and at what times, as well as where keys are kept when they are not in the physical possession of any officer and who has access to those keys. For each policy, practice, or procedure, please identify its source (i.e. a specific manual or regulation) to the best of your knowledge.

**Response:** I do not have knowledge of these procedures as they did not relate to my job. I did not have access to keys in the cell areas. I was notified and arrived after the incident.

10.    Was any disciplinary action considered or taken against any Indiana Department of Correction employee or contractor in relation to the 2017 Fire or Joshua Devine's death? If your answer is anything other than an unqualified "no," please identify the person disciplined or against whom discipline was considered, the reasons for disciplining or not disciplining that person, and the type of disciplinary action taken.

**Response:** Not to my knowledge.

11.    For any affirmative defenses that you have asserted or will assert in this matter, please describe the entire factual basis supporting each such defense and specifically identify any witnesses or physical, documentary, or testimonial evidence that supports each such defense. The information sought by this interrogatory is not a mere recitation of the statutory sections, case law, or common law invoked in the defense. Plaintiff requests that you provide a detailed

description of every fact and legal basis on which the affirmative defense is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend at any point in this litigation to assert an immunity defense, please state all facts, evidence, and legal bases for such a defense, identifying any witnesses or physical, documentary, or testimonial evidence relating to the immunity defense.

**Response:** Defendant objects to his interrogatory as improperly requiring defendant to set forth his entire litigation strategy in this lawsuit. Subject to and without waiving this objection, please see all witnesses identified in defendants' initial disclosures. See also all documents produced by defendants.

12.     For punitive damages purposes, please estimate your net financial worth. Please describe how that net worth has been calculated by providing a balance sheet of all assets greater than $2,500 USD (including a description of any ownership of stock, mutual funds, real estate, etc.) and including all liabilities. Please also provide an income statement for the five years prior to the filing of this complaint, including your annual salary and any income from any other source for those years.

**Response:** Defendant objects to this interrogatory as being overbroad, to the extent it seeks information beyond the defendant's current financial status. *U.S. v. Autumn Ridge Condominium Ass'n, Inc.* 265 F.R.D. 323, 328-29 (N.D. Indiana, 2009). Subject to and without waiving this objection, defendant answers as follows: All assets are jointly held with my wife, as all expenses are jointly paid also. My income for five years was approximately $246,000.00 before taxes. I have retirement accounts in my name totaling $95,000.00.

13.    Did you or any other Person act inconsistently with any of the policies, customs, or practices (formal or informal, written or unwritten) of the Indiana Department of Correction or the Indiana State Prison, as you understand them, at any point during the 2017 Fire or in its immediate aftermath, as described in Plaintiff's Complaint? If your answer is anything other than an unqualified "no," please: (a) identify the particular policy(ies), custom(s), or practice(s) which, to your knowledge, was violated and by whom; (b) describe the circumstances and manner in which said policy(ies), custom(s), or practice(s) was violated; and (c) state whether any discipline resulted from that violation.

Response: I did not act inconsistently with any of the policies, customs, or practices of the Indiana Department of Correction. And I have no knowledge of others.

14.    For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

Response: I have no current knowledge of what documents may have been lost, discarded, or destroyed at the Indiana State Prison since my departure in September of 2018. Prior to that time, I did not remove, discard, or destroy any documents in this regard and I have no knowledge of anyone else doing such.

I affirm under penalties for perjury that the facts in the foregoing answers are true.

Dated: 8.14.19

Steven Griffin