**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| DENISE DWYER as Successor Personal Representative of the Estate of Joshua Devine, <br><br> *Plaintiff,* <br><br> v. <br><br> RON NEAL, et al., <br><br> *Defendants.* | **CASE NO.  3:18-cv-995-JD** |

## REPLY IN SUPPORT OF MOTION TO EXCLUDE PLAINTIFF'S EXPERT

Plaintiff seeks to elicit testimony from her proposed expert, Richard Bard ("Bard"), during the trial scheduled in this matter. The proposed testimony should be barred and excluded from the jury's consideration because the testimony is unreliable, not based upon sufficient facts, and will not assist the trier of fact in its decision.

Plaintiff is correct that Defendants do not dispute Bard's years of experience in the correctional field in Illinois. However, this is part of the reason that Defendants seek to exclude Bard as an expert witness in this case. Bard's years of experience and knowledge regarding the Illinois Department of Correction cannot and will not assist the jury in deciding the issues before it related to an event that occurred within the Indiana Department of Correction. Familiarity with correctional practices in place in Illinois or even national practices does not mean that that Indiana's standards or

practices could create or cause a constitutional violation. Moreover, it is not helpful and could confuse the jury for a witness to testify regarding Illinois standards or other standards that are not mandated to be in place in the State of Indiana.

Notwithstanding Bard's background, Plaintiff's argument shows that Bard is testifying about crux of the issue for the trier of fact by saying that he is testifying to opinions based upon what happened on April 7, 2017 – what was said and heard that night. (DE 291, p. 5) The Court must determine whether the testimony will "assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. However, the jury must decide what happened that night. Bard should not be permitted to opine on what he believes happened that night based upon reading deposition testimony. Especially, when Bard has not been to the Indiana State Prison in years and could not testify that he had ever set foot in B Cell House where the fire occurred.

Clearly, Bard is intending to give an opinion on what Defendants did or did not do on April 7, 2017 (DE 291, p. 6). However, his opinion is not based on correctional standards. It is based on his belief that certain witnesses are more credible than others by reading their deposition transcripts. Opinions from Bard that are solely based on what he read in depositions that fails to consider the credibility of the witnesses (as the jury must do) are unwarranted and unnecessary opinions. Defendants may have a different view of the facts, but the facts are precisely what the jury is supposed to be deciding. The opinion from Bard regarding which witnesses

2

he believes will not assist the trier of fact and is not a reliable opinion based on Fed. R. Evid. 702.

Bard also should be precluded from providing any opinions regarding the prisoner firefighters at the Indiana State Prison. As stated above, Bard may have knowledge of correctional practices. However, that does not mean he has knowledge regarding prisoner firefighters and how the firefighters should be employed or the interactions with them. Thus, his opinion is unreliable. In fact, Plaintiff states that Bard simply reviewed documents and then he is "applying his broader correctional experience" to the facts of the case. (DE 291, p. 8.) However, Bard's "broader correctional experience" does not relate to supervising prisoner firefighters, and he should be precluded from providing expert testimony about the use of prisoner firefighters at the Indiana State Prison.

Bard's opinions are beyond being on "shaky ground." (DE 291, p. 8.) The opinions are based on an insecure foundation of Illinois correctional experience and credibility determinations of the testimony of various individuals in this matter. Bard will not assist the jury in making its decisions as it will need to weigh the credibility of the witnesses. Moreover, unreliable testimony based on how the Illinois Department of Correction functions or a vague memory of a trip to the Indiana State Prison will not assist the jury. Bard's testimony should be excluded.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

Date: <u>April 3, 2023</u>        By:        <u>*s/ Betsy M. DeNardi*</u>
                                            Betsy M. DeNardi, 23856-71
                                            Director of Complex Litigation

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 232-6231
Fax:      (317) 232-7979
Email:  Betsy.DeNardi@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2023, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to

all registered parties by operation of the Court's electronic filing system.

<u>*s/Betsy M. DeNardi*</u>
Betsy M. DeNardi
Director of Complex Litigation

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 232-6231
Fax:      (317) 232-7979
Email:  Betsy.DeNardi@atg.in.gov

4